IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SAMUEL BROWN,**

    Plaintiff,

v.                                          Civil Action No. **3:22CV535**

**WILLIAM WRIGHT,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Samuel Brown, a Virginia inmate proceeding *pro se*, filed this 42 U.S.C. § 1983 action.[1] The action proceeds on Brown's Particularized Complaint. (ECF No. 10.) At all times relevant to this action, Brown was an inmate at Meherrin River Regional Jail ("the Jail"). Brown asserts that the Defendants, who are employed by the Jail, violated his First Amendment right. (*Id.* at 1.) Specifically, Brown contends that Defendants took the majority of the money deposited into his prison account and applied it to his housing fees which prevented him from using the funds to make phone call. (*Id.* at 1–2.) Defendants have moved for summary judgment on the ground that, *inter alia*, Brown failed to exhaust his administrative remedies. (ECF No. 19, at 13–14.) Brown has responded. The Motion for Summary Judgment, (ECF No. 18), will be GRANTED.

### I. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, punctuation, and capitalization and omits excessive emphasis in quotations from the parties' submissions. The Court omits any secondary citations in the quotations from the parties' submissions.

56(a). The party seeking summary judgment bears the responsibility to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial." *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Defendants asks the Court to dismiss Brown's claim against them because Brown failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). As pertinent here, Defendants submitted: (1) the Declaration of Major William Wright, (ECF No. 19-1), and (2) the Jail Inmate Handbook, (ECF No. 19-2). Brown has submitted a Motion for Leave to File an Affidavit of Supplemental Claims, (ECF No. 31).

In light of the foregoing principles and submissions, the following facts are established for the purposes of the pending Motion for Summary Judgment. All permissible inferences are drawn in favor of Brown.

## II. Relevant Facts

As noted previously, Brown alleges Defendants violated his First Amendment rights by taking money from his inmate account and applying it to Jail housing fees. (ECF No. 10, at 1–2.) The Jail has a grievance procedure for inmates to seek relief for conditions or incidents at the Jail. (ECF No. 19-2, at 39–39.) The Jail's grievance procedure requires that, before submitting a grievance, an inmate must attempt to resolve the issue informally by submitting an Inmate Request Form. (*Id.* at 39.) If the inmate is not able to satisfactorily resolve the issue informally, he may then file a grievance form. (*Id.*) Jail personnel will respond to the grievance. (*Id.*) "If an inmate is not satisfied with the response to his/her grievance they may file an appeal." (*Id.*) Brown has not filed any grievances while at the Jail. (ECF No. 19-1 ¶ 13.)

## III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "so that the agency addresses the issues on the merits," *id.* (quoting *Pozo v. McCaughtry*, 286 F.3d

1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The record reflects that Brown failed to exhaust his administrative remedies. Accordingly, the Motion for Summary Judgment, (ECF No. 18), will be GRANTED. Furthermore, Brown's Motion for Leave to File an Affidavit of Supplemental Claims, (ECF No. 31), will be DENIED as futile because any new claims fail to satisfy the exhaustion requirement. *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000). The action will be DISMISSED WITHOUT PREJUDICE.

. An appropriate Final Order will accompany this Memorandum Opinion.

Date: 4 April 2024
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge